UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14054-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM FRANK SIMMONS, JR.,

    Defendant.
    _____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATION NUMBERS 1, 2, 6, 8, 10, 11, 12 AND 13

**THIS CAUSE** is before the Court for consideration of the pending Superseding Petition for Offender under Supervision ("Petition") (DE 83). Having conducted a hearing, this Court recommends as follows:

1. The Defendant appeared before this Court March 22, 2021 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1, 2, 6, 8, 10, 11, 12 and 13 as set forth in the Petition. The allegations contained therein are as follows:

**Violation Number 1**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 14, 2020, the defendant submitted a urine specimen which tested positive for the presence of marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 2**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On December 22, 2020, the defendant submitted a urine specimen which tested positive for the presence of marijuana and cocaine in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 6**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On January 13, 2021, the defendant submitted a urine specimen which tested positive for the presence of cocaine, marijuana, and benzodiazepines in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 8**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On January 19, 2021, the defendant submitted a urine specimen which tested positive for the presence of cocaine and marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 10**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On January 26, 2021, the defendant submitted a urine specimen which tested positive for the presence of cocaine and marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc.

**Violation Number 11**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On January 29, 2021, the defendant submitted a urine specimen which

|  |  |
|---|---|
|  | tested positive for the presence of cocaine and marijuana in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Inc. |
| **Violation Number 12** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 5, 2021, the defendant submitted a urine specimen which tested positive for the presence of cocaine and marijuana in our local laboratory; and confirmation by Alere Toxicology Services, Inc. is pending. |
| **Violation Number 13** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On February 9, 2021, the defendant submitted a urine specimen which tested positive for the presence of cocaine and marijuana in our local laboratory; and confirmation by Alere Toxicology Services, Inc. is pending. |

3. The Government agreed to dismiss Violation Numbers 3, 4, 5, 7 and 9 after sentencing.

4. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties. The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on the violations. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

5. The Government proffered a factual basis for the admissions into the record. The Government stated that it received lab reports from Alere Toxicology Services confirming the positive drug tests alleged in Violation Numbers 1, 2, 6, 8, 10, 11, 12 and 13.[1] The Defendant agreed that the facts as stated by the Government were true and the Government could prove

---

[1] When the Petition was submitted on February 16, 2021, lab reports from Alere Toxicology Services for Violation Numbers 12 and 13 had not been received. The Government has now received those reports and the positive tests alleged in Violation Numbers 12 and 13 were confirmed by Alere Toxicology Services.

those facts if a hearing were held in this matter. Having heard the factual proffer, this Court finds that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 1, 2, 6, 8, 10, 11, 12 and 13.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Numbers 1, 2, 6, 8, 10, 11, 12 and 13, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 31st day of March, 2021.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE